# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL ELINE,

    Plaintiff,

v.

JUDICIAL DISTRICT OF SCHUYLKILL COUNTY, JAMES P. GOODMAN, FRANK R. CORI, CHARLES A. BRESSI, and ANDREW J. SERINA,

    Defendants.

NO. 3:08-cv-2117

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is the Complaint of *pro se* Plaintiff Paul Eline against Defendants Judicial District of Schuylkill County, James P. Goodman, Frank R. Cori, Charles A. Bressi, and Andrew J. Serina. (Doc. 1.) Plaintiff has filed an Application to Proceed In Forma Pauperis (IFP) along with a supporting Affidavit. (Doc. 2.)

28 U.S.C. § 1915 provides a two-step process for reviewing IFP applications. The U.S. Court of Appeals for the Third Circuit has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review). The decision whether to grant or deny IFP status rests within the sound discretion of the district

courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits).

The Court need not consider Plaintiff's financial status because his claims fail the second step of IFP review. Plaintiff brings claims pursuant to 42 U.S.C. §§ 1983-1985 and the Constitution of the Commonwealth of Pennsylvania. After review of the complaint, the Court concludes that the Plaintiff is unable to proceed on his § 1983 claims because (1) Defendants named in Plaintiff's complaint are immune from suits seeking the award of damages and (2) Plaintiff's claims for injunctive relief inappropriately seek to challenge the fact of his confinement through an action brought pursuant to 42 U.S.C. § 1983.

Plaintiff claims that Defendants, while acting under the color of law, violated his due process rights as guaranteed by the Constitutions of the United States and the Commonwealth of Pennsylvania. He explains that in November of 2004, he was arrested on numerous counts of Theft by Deception and Deceptive Business Practices as the result of disputes arising out of the operation of Plaintiff's landscaping and in-ground swimming pool business. On June 27, 2005, the District Attorney of Schuylkill County filed a criminal information document in the Plaintiff's criminal case. The claims that Plaintiff brings in his complaint currently before the Court center around this document. According to Plaintiff, the criminal information filed against the Plaintiff in June of 2005 contained the signature of the Assistant District Attorney, Andrew J. Serina, not the signature of the then-acting District Attorney of Schuylkill County, Frank R. Cori. Title 42 of the Pennsylvania Consolidated Statutes states in relevant part that "[t]he district attorney shall sign all informations." 42 Pa.C.S. § 8931(e). For purposes of this statute "district attorney" is defined as

> a special attorney appointed by the Attorney General in the manner provided

> by statute, an acting district attorney and any assistant district attorney whose authority to act for the district attorney under this section is evidenced by a written designation executed by the district attorney or acting district attorney and filed with the clerk of the courts.

Pa.C.S. § 8931(i). Plaintiff avers in his complaint that he has made numerous, unsuccessful attempts to obtain a copy of the written designation executed by District Attorney Cori providing Assistant District Attorney Serina authority to sign the information filed against the Plaintiff in June 2005. Without proof of this evidence of designated authority, the Plaintiff claims that a valid information was not filed with the court of common pleas and, thus, Pennsylvania Rule of Criminal Procedure 506, requiring proper filing of a valid information, was not satisfied. The Plaintiff argues that this procedural fault deprived the Schuylkill County court of jurisdiction over the Plaintiff's criminal trial where he was convicted on all counts of Theft by Deception and Deceptive Business Practices. As a result, the Plaintiff represents that he has been denied the due process rights guaranteed by the United States Constitution.

The Plaintiff also raises a second issue with respect to the counsel appointed by the court. He represents that, following his arrest and incarceration, the Schuylkill County courts struggled to provide him with defense counsel due to conflicts arising out of appointed counsels' relationships with parties harmed by the Plaintiff's alleged theft and deception, including prior attorney-client relationships with parties involved in Plaintiff's criminal case. In August 2005, after seven other attorneys were appointed and subsequently dismissed due to conflicts, Attorney Robert A. Kurtz was appointed as counsel for the Plaintiff. Following his trial and conviction in January 2006, the Plaintiff requested that Kurtz pursue information obtained by the Plaintiff suggesting that the trial jury was "tainted." Plaintiff avers that Kurtz

did not respond to the Plaintiff's repeated attempts at communication following trial. Plaintiff also states that he became concerned with Kurtz's condition after observing that Kurtz frequently smelled strongly of alcohol when making appearances in court. The Plaintiff states that he shared his concerns with Judge William E. Baldwin and received a letter in return instructing the Plaintiff to pursue these concerns with Post Conviction Relief Act ("PCRA") representatives. During this same period, Plaintiff states that he learned that filings relating to Plaintiff's appeal had not been filed by Kurtz and were overdue. In October of 2006, Attorney Kurtz passed away, and the Columbia County coroner determined the cause of death to be "Hepatic Cirrhosis and complications due to alcohol abuse." (Coroner Rept., Ex. B, Doc. 1.) Plaintiff now argues that Judge Baldwin and other members of the Schuylkill County Judicial District were aware of Kurtz's history with alcohol and that Kurtz's appointment as Plaintiff's counsel was "prejudicial and did not meet the standards of fundamental fairness" guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (Compl., Doc 1 ¶ 35.)

In response to these alleged violations of his Sixth and Fourteenth Amendment Rights, in addition to a related argument that his incarceration violates his Eight Amendment right to be free from excessive fines and cruel and unusual punishments, the Plaintiff seeks: (1) a declaration stating that Plaintiff's rights under the Constitution and laws of the United States were violated by Defendants; (2) a preliminary and permanent injunction ordering Defendants to correct each and every case either prosecuted or defended under the Office of the District Attorney during the appointments of Frank R. Cori and James P. Goodman; (3) an investigation of the operations of the Schuylkill County District Courts and every case

under District Attorneys Cori and Goodman; (4) reappointment of all past, present and future cases involving District Attorneys Cori and Goodman; (5) compensatory damages in the amount of five million dollars ($5,000,000) against each Defendant; (6) punitive damages as decided by this Court or a jury; and (7) Plaintiff's costs in this suit.

In order to prevent "harassment by unfounded litigation [that] would cause a deflection of [a] prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust" the United States Supreme Court has held that the prosecutorial function is entitled to absolute immunity from suits seeking monetary relief. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). When granting this immunity, the Supreme court "recognize[d] that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom" and that "[a] prosecuting attorney is required constantly, in the course of his duty as such, to make decision on a wide variety of sensitive issues. . . [including] questions of whether. . . to file an information. . .." *Id.* at 431 n.33. "At some point, and with respect to some decision, the prosecutor no doubt functions as an administrator rather than as an officer of the court." *Id.* While prosecutors are not afforded absolute immunity for administrative functions, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Id.* at 431. Thus, Defendant Serina's decision to sign and file the information and formally initiate a prosecution against the Plaintiff was a prosecutorial act that entitles Defendant Serina to absolute immunity from suits seeking monetary damages. Likewise, when Defendants Cori, Goodman and Bressi made decisions to further purse or maintain

5

prosecution of the Plaintiff in accordance with the information filed by Defendant Serina, they engaged in prosecutorial acts and are also entitled to absolute immunity from suits seeking money damages.

Similarly, the Plaintiff is unable to pursue monetary claims against the Schuylkill County Judicial District because "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Such judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871); *see accord Pierson v. Ray*, 386 U.S. 547 (1967). Furthermore, Congress has extended the absolute immunity long provided for judicial functions to suits seeking injunctive relief. *See* Pub. L. No. 104-317, (b)-(c), 110 Stat. 3847 (providing that injunctive relief cannot be granted under 42 U.S.C. § 1983 against judicial officers their judicial actions unless those officers are in clear violation of a declaratory decree). This extension of absolute judicial immunity also applies to actions seeking attorneys' fees and costs of litigation. *Id.* In the current case, the Plaintiff's claims against the Judicial District of Schuylkill County arise from the appointment of allegedly ineffective counsel. The decisions made by judges in the Judicial District of Schuylkill County, including the decisions of Judge William E. Baldwin, when appointing Plaintiff's criminal defense counsel were made by judges properly seated in courts of general jurisdiction. Thus, the judges involved in Plaintiff's criminal case were not acting in the absence of jurisdiction and have absolute immunity to Plaintiff's claims for monetary and injunctive relief.

6

Furthermore, by pursuing relief in the form of an injunction requiring the Judicial District and the District Attorney's office to re-examine or re-open his case, the Plaintiff challenges the fact and/or the duration of his confinement. In *Preiser v. Rodriguez*, the Supreme Court held that prisoners challenging the fact or duration of their confinement could not make such challenges pursuant to § 1983. 411 U.S. 475, 500 (1973). Rather, the sole federal remedy for a prisoner challenging his incarceration was by writ of habeas corpus, with the associated requirement that the prisoner first exhaust state remedies. *Id.* Thus, the injunctive relief sought by Plaintiff is unavailable in a § 1983 suit and may only be obtained through either a state or federal habeas corpus proceeding.

Because Plaintiff seeks relief from Defendants possessing absolute immunity to suits seeking monetary damages, and because Plaintiff challenges the fact of his confinement by seeking injunctive relief pursuant to 42 U.S.C. § 1983 rather than through a writ of habeas corpus, the Court denies his application to proceed IFP and dismisses his complaint.

**NOW**, this 8th day of December, 2008, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

(2)    The case is **DISMISSED**.

(3)    The Clerk of the Court shall mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge